## Everett v. Farmers Bank & Trust Co.

February 13, 1948.

Lillian B. Everett, in pro. per.

Ernest N. Fulton for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Nelson circuit court by

the appellant against appellee, her former committee, by which she sought to recover from defendant judgment for $50,000 for alleged misconduct, negligence, misfeasance and nonfeasance on the part of the defendant while it was serving as her committee. She was adjudged incompetent to manage her property, and defendant was appointed her committee in 1935. In 1941, another inquisition restored plaintiff and the committee made and filed a settlement of its actions as such, which was confirmed.

Plaintiff states in an affidavit filed in this court on September 20, 1947, six months after her appeal was filed, in which she stated that she filed what she designates as a "surcharge" of the settlement made by appellee which was discussed by her and her attorney in the presence of the county judge "but no action was taken so far as the appellant has been informed." Appellant at that time had been restored to her capacity of managing her property and affairs generally. According to her affidavit she abandoned whatever relief she sought by her alleged "surcharge" of her committee's report by not procuring judgment thereon. Furthermore, defendant did not allege in her petition or any amendment thereto the questions she raised in her alleged "surcharge" of her committee's settlement.

As a background from which this action stemmed, reference is made to the case of Farmers Bank & Trust Co. v. Public Service Co. of Indiana, D. C., 13 F. Supp. 548, the opinion being written by Judge Elwood Hamilton, then judge of the Federal District Court of Western Kentucky; and to the opinion of this court in Everett v. Downing, 298 Ky. 195, 182 S. W. 2d 232.

Briefly summarized the facts are: That on December 3, 1927, appellant while a passenger of the Public Service Company of Indiana sustained a more or less severe injury, and on November 21, 1928, she by her attorney, W. W. Downing, filed an action in the Jefferson circuit court against that company to recover damages for her injuries, seeking judgment against defendant therein for $65,000. The defendant therein being a nonresident of this Commonwealth removed the case to the Federal Court for the western district of Kentucky, but before the case was tried it was compromised and set-

tled by the payment by the defendant therein of $20,000 which her attorney collected, and with the consent of his client invested the major portion of it in stock of different private corporations. Such transactions were made during the panic beginning in 1929. Therefore, the stock in which the major part of the compromise amount was invested, declined and became worthless because of failure of the companies issuing the stock.

Appellant then filed an action against W. W. Downing, her attorney, to recover such losses sustained by her, on the ground that he wrongfully invested her funds. But the trial court dismissed her action and she appealed to this court, and we affirmed that judgment.

On February 11, 1935, an action was filed in the Jefferson circuit court by appellant's committee against the defendant in the original action, in which the .compromise settlement was made, in which the plaintiff therein for and on behalf of its ward (appellant here) sought to set aside the compromise settlement made in her original action and to obtain a new trial thereof; but neither the grounds upon which that action was based, nor the prayed for relief appears in this record. At any rate she was unsuccessful in that litigation.

In the instant case plaintiff seeks damages against her discharged committee, because of its failure to properly discharge its duty in protecting her interests because of its negligence in employing, or its failure to discharge, her attorneys, Yonts and Chandler, of Louisville, Kentucky, in her action supra seeking a new trial, and the setting aside of the compromise settlement for the reason that they were incompetent and inefficient, but for which she would have won her action for a new trial, and that a new trial would have resulted in a verdict in her favor, as she concludes, and a recovery of $75,000 against the common carrier through whose alleged negligence she was injured.

The court sustained appellee's demurrer filed to appellant's petition. She then filed an amended petition in which she stated: "That it (her committee) failed in many respects to act in accord with the requirements of the law, as defined in the Kentucky Revised Statutes, section 387.130, former section 2030." (Our parenthesis.) That statement is followed by some specified

amounts shown in the appellee's settlement as appellant's committee, but she totally failed to allege any fact showing that such items were illegally paid, except her conclusion that in paying them her committee failed to act "in accordance with the requirements of the law." The court sustained appellee's demurrer to the petition as amended, followed by appellant's refusal to plead further and her petition was dismissed, from which she prosecutes this appeal.

In plaintiff's original petition there is this statement: "A friend of plaintiff herein, prior to the appointment of the defendant, as stated, and while she was incompetent, had entered into an arrangement with said counsel in her behalf, but said counsel, Morton Yonts, as shown by the expression of the said cashier, was not regarded by said institution as worthy of its confidence. Notwithstanding which, the president of the said institution signed the petition for said counsel, thus adopting them as its legal representatives."

Plaintiff therefore admits that her committee did not originate her action for a new trial of her original one but that it verified that petition after Yonts and Chandler had been employed by a friend of plaintiff. Defendant therefore cannot be held responsible for the selection of those attorneys to prosecute that action, which reduces its liability, if any, in that respect to its failure to discharge the attorneys after the action had been brought, and employ other competent counsel in their stead. Reference is made in the excerpt above from the petition that the cashier of defendant made a remark (which we will not insert) indicating the dishonesty of a member of the legal firm of Yonts and Chandler, but no charge of inefficiency or dishonesty is anywhere alleged in plaintiff's pleading against the other member.

The question thus presented for our determination is both unique and devoid of merit, since it is so speculative as to be beyond the recognition of the law. In addition thereto, plaintiff, according to her own showing, which is substantiated by the opinion in the case of Farmers Bank & Trust Co. v. Public Service Co. of Indiana, supra, executed a receipt for the compromise amount of her original action and which was before

the inquisition as to her capacity to manage her property and the appointment of defendant as her committee. After she was restored the settlement of her committee was made and she suffered that report to be confirmed. No disqualification of the members of the firm of Yonts and Chandler is alleged, except the remark made by appellee's cashier appearing in the excerpt from the petition supra. Whether or not the remark of appellee's cashier relative to the dishonesty of one member of the firm of Yonts and Chandler was binding on appellee, or that it was sufficient to presume that the president of appellee possessed like information need not be determined. But even so, that remark had no reference whatever to the legal ability of the attorney about whom it was spoken so as to disqualify his efficiency to properly conduct the litigation entrusted to him. In any view of the case it is perfectly patent that plaintiff stated no cause of action against appellee and the court properly sustained a demurrer to her petition as amended and dismissed it. We concur in that action of the court.

Wherefore, the judgment is affirmed.